Mark F. Anderson (SBN 44787)
Anderson, Ogilvie & Brewer LLP
235 Montgomery Street
Suite 914
San Francisco, CA 94104
Ph: (415) 651-1951
Fax: (415) 500-8300
mark@aoblawyers.com

Attorneys for Plaintiff Stephen D. Keenan

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Stephen D. Keenan, Sr.       ) | Case No. |
|               ) | |
|        Plaintiff,     ) | |
|               ) | COMPLAINT |
|        v.          ) | |
|               ) | (Fair Credit Reporting Act |
| COLLECTO INC., a Massachusetts corporation, ) | 15 USC § 1681 et seq) |
| dba EOS CCA;          ) | |
| AT&T TELEHOLDINGS, INC., a Delaware   ) | DEMAND FOR JURY TRIAL |
| corporation;           ) | |
|               ) | |
|               ) | |
|        Defendant.    ) | |

**Preliminary Statement**

    **1.**    This is an action for damages brought by individual consumer Stephen D. Keenan against COLLECTO INC., a Massachusetts corporation, dba EOS CCA, ("COLLECTO) and AT&T TELEHOLDINGS, INC. ("AT&T") for violations of the Fair Credit Reporting Act, 15 USC §1681 *et seq*. (FCRA) and the California Consumer Credit Reporting Agencies Act, Civil Code § 1785.25(a)-(c).

**The Parties**

**2.**     Plaintiff Keenan is an individual and a resident of Sacramento County, California.

**3.**     Defendant COLLECTO is a Massachusetts corporation and a debt collector; its activities are subject to the terms of the FCRA and the California Civil Code § 1785.25(a).

**4.**     Defendant AT&T Teleholdings, Inc. is a Delaware corporation with its principal place of business in San Antonio, TX.

**Jurisdiction & Venue**

**5.**     The court has federal question jurisdiction over the FCRA claims pursuant to 15 USC §1681p and supplemental jurisdiction over the California Civil Code claims pursuant to 15 USC § § 1367.

**6.**     The defendants do business in this district.

**Description of the Case**

**7.**     Defendant COLLECTO was assigned an alleged debt allegedly owed by plaintiff to AT&T. However, plaintiff never owed AT&T any money on the account that it assigned to COLLECTO.

**8.**     In early October 2012, plaintiff contacted AT&T to establish telephone and Internet service at a rental apartment located in Sacramento, CA. AT&T assigned number 916.393.2030 to plaintiff for this purpose. After two attempts by AT&T workers to install Internet DSL and phone service, a AT&T representative said that particular telephone number would not work with AT&T's U-Verse service. Consequently, AT&T assigned a different 916 number for the installation. AT&T told plaintiff the 916.393.2030 was canceled, all charges would be transferred to the new number, and that plaintiff would receive a confirmation.

**9.**     However, in mid-November 2012, plaintiff received a bill from AT&T for $175.63 on the 916.393.2030 account. Plaintiff paid the portion of the bill that represented telephone service, but not the Internet charges since the Internet service never worked.

**10.** Plaintiff called AT&T's customer service to explain the number was never operative and AT&T had agreed to cancel it. The representative said AT&T erred in not cancelling the account and that she would zero out the invoice for remaining charges. On December 3, 2012, plaintiff received an order confirmation that services on 916.393.2030 were removed. By December 2012, AT&T stopped sending bills to plaintiff on the 916.393.2030 account.

**11.** On November 23, 2012, AT&T sent plaintiff a disconnection notice that said $135.26 was past due, an amount that represented the cost of a modem AT&T had sent to plaintiff for use with the disconnected account. However, plaintiff had returned the modem on January 16, 2013. Plaintiff had a conversation with an AT&T representative on January 18, 2013, in which the representative confirmed receipt of the modem.

**12.** On May 23, 2013, COLLECTO sent plaintiff a letter asking for payment on the account in the amount of $129.98. Plaintiff called COLLECTO upon receipt of the letter and explained nothing was due. The collector promised to check with AT&T about the account.

**13.** On June 23, 2013, COLLECTO sent a second letter asking for payment on the account.

**14.** In July 2013, COLLECTO began reporting to Equifax, Trans Union, and Experian that plaintiff Keenan was over 30 days late on the account.

**15.** To date, COLLECTO has continued to report that plaintiff Keenan was late in making payments on the account and that it was charged-off.

**16.** In July 2013, plaintiff sent dispute letters to Equifax, Trans Union and Experian concerning the inaccurate reporting by COLLECTO.

**17.** Upon receipt of the disputes from the bureaus, COLLECTO was obligated to conduct a reasonable investigation of the disputes. However, COLLECTO failed and refused to conduct a reasonable investigation instead COLLECTO reported it was correctly reporting the negative information to the bureaus. COLLECTO verified its reporting as accurate.

**18.**     Despite plaintiff's efforts, COLLECTO and AT&T have deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to follow procedures that would correct the inaccurate information.

**19.**     Plaintiff has applied for and been denied loans and extensions of credit based on COLLECTO's inaccurate credit reporting.

**20.**     Plaintiff's credit reports have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding plaintiff from obtaining credit.

**21.**     As a result of AT&T and COLLECTO's conduct, plaintiff has suffered actual damages in the form of (a) lost credit opportunities, b) harm to credit reputation and credit score, and (c) emotional distress in the form of mental pain, anguish, humiliation, embarrassment, anxiety and frustration. Plaintiff will continue to suffer the same for an indefinite time in the future, all to plaintiff's great detriment and loss.

**First Claim: Violations of the Fair Credit Reporting Act—Against COLLECTO Card Services, N.A.**

**22.**     Plaintiff incorporates by reference ¶¶ 1-21.

**23.**     The FCRA requires a furnisher such as COLLECTO, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by a furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

**24.**     Within the last two years, defendant COLLECTO provided inaccurate and misleading information to the credit reporting agencies.

**25.** The defendant COLLECTO violated sections 1681n and 1681o by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

    (a) willfully and negligently failing to conduct an investigation of the inaccurate information that plaintiff's disputed;

    (b) willfully and negligently failed to review all relevant information concerning plaintiff's accounts;

    (c) willfully and negligently failing to report the results of investigations to the credit bureaus;

    (d) willfully and negligently failing to report the inaccurate status of the inaccurate information to the credit reporting agencies;

    (e) willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by the credit reporting agencies concerning the inaccurate information disputed by plaintiff;

    (f) willfully and negligently failing to provide the credit reporting agencies with the factual information and evidence plaintiff submitted to COLLECTO that proved that the information concerning plaintiff's credit reports were inaccurate;

    (g) willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning plaintiff's account to the credit reporting agencies;

    (h) willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 USC § 1681s-s(b); and

**26.** As a result of the above-described violations of § 1681s-2(b), plaintiff has been damaged.

**Second Claim: Violations of the California Consumer Credit Reporting Agencies Act, California Civil Code §§ 1785.25 (a) – Against COLLECTO Card Services, N.A.**

**27.**     Plaintiff incorporates by reference ¶¶ 1-26.

**28.**     California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

**29.**     The defendant COLLECTO negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

**30.**     The defendant COLLECTO failed to make corrections to the information it was furnishing to the credit reporting agencies.

**31.**     The defendant COLLECTO failed to provide a notice to the credit reporting agencies that the information it was providing was disputed.

**32.**     Based on these violations of Civil Code § 1785.25 (a), (b) & (c), plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

Third Claim: Violations of the California Rosenthal Fair Debt Collection Practices Act against Defendants AT&T and COLLECTO

**33.**     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**34.**     Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code §1788.2(h).

**35.**     The communication was a "debt collection" as California Civil Code §1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code §1812.700(b).

**36.**     Defendants, in the ordinary course of business, regularly, on behalf of themselves or others, engage in debt collection as that term is defined by California Civil Code §1788.2(b), are therefore each are a debt collector as that term is defined by California Civil Code §1788.2(c).

**37.** The alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d).

**38.** This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code §1788.2(f).

**39.** Any violation by defendants was knowing, willful, and intentional, and defendants did not maintain procedures reasonably adapted to avoid any such violation.

**40.** Through their conduct, defendants used false representations or deceptive means to collect or attempt to collect a debt.

**41.** Because this conduct violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(10), 15 U.S.C. §1692e(5), 15 U.S.C. §1692f, and 15 U.S.C. §1692g of the FDCPA, these portions are incorporated by reference in the Rosenthal FDCPA, through California Code §1788.17, this conduct or omission violated Cal. Civ. Code §1788.17.

**42.** Defendants did not maintain procedures reasonably adapted to avoid any such violations.

### PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

1. Actual, statutory and punitive damages;

2. Injunctive relief;

3. Costs and attorney's fees; and

4. Such other relief as the Court may deem proper.

Dated: August 21, 2013.

ANDERSON, OGILVIE & BREWER LLP

By /s/ *Mark F. Anderson*
Mark F. Anderson
Attorney for Plaintiff

1

2                                    DEMAND FOR JURY TRIAL

3
          Plaintiff demands a trial by jury on all issues.
4

    Dated: August 21, 2013.          ANDERSON, OGILVIE & BREWER LLP
5

6
                                By    /s/ *Mark F. Anderson*
7                                     Mark F. Anderson
                                      Attorney for Plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28